I am James Fossbinder and I represent Ms. Compton. The most frustrating thing for me as a lawyer here is having to deal with the claim that I did something wrong by filing similar complaints. The reason I filed similar complaints was because Bank of America did almost identical things to people in almost identical circumstances. And that seems as though in the interest of judicial efficiency, one would surely try to do something to make that make sense. Well, if you had not filed identical complaints, but rather a class action, they might have complained that you were filing a class action. I think they would have. I think that's fair to say. I'm sure that Your Honors have gone through similar cases, similar issues. Can I start by asking you a question about the nature of the UDAP violation? It seems that both sides agree that there's a common law duty issue, that you have to prove that the lender had a duty to the borrower. But I didn't see that in UDAP, and I didn't see that in any state court opinion. And the only place I saw it was in some district court opinions. So relying on NIMAR, which is a negligence case, not a UDAP case. So where in UDAP or in a state law decision does it provide that an element of proof is that there's a duty of care from the lender to the borrower? Well, what I guess I was relying on primarily was not the duty of care so much as the flat-out what I thought was criminal activity on the part of Bank of America. I consulted, actually, with Doug Flakey, who was at that point teaching at Notre Dame. He actually wrote the statute involving – sorry. And the point is that in talking to him, he suggested UDAP. So I'm just telling you that that's where the idea came from. I intended to go after them because I'd been successful here on a racketeering case several years before. I was anticipating doing that, and he convinced me after numerous phone calls that that was silly, it was a lot more trouble, and that UDAP covered everything that I needed to cover. And that's why I did what I did. Okay, so the arguments in the brief focus on whether or not there was a duty of care in this case. And so my question is, why do I care about whether there's a duty of care? And are you aware of any state case that would require evidence of a duty of care? I don't think that we need a duty of care. I think we're just trying to be in abundance of caution. Well, you're arguing a duty of care, I take it. You're arguing a statutory duty, not a negligent duty of care, negligent duty. You're arguing that the statute imposed on them a duty not to engage in deceptive practices, right? That's correct. And what were the deceptive practices that they engaged in here? According to the complaint, this is a 12b-6. An endless sea of baloney, an endless sea. Well, no, your complaint doesn't allege an endless sea of baloney. It alleges something else. So tell us what it alleges. It alleges that the bank gave people false and misleading information on a systematic, regular basis. Well, let's focus on Compton because we're not talking about people here. We're talking about a single plaintiff. What did the bank do to Ms. Compton? They told her again and again and again to reapply, to redo things, with no intention of ever doing anything to help her. It was just straight-ahead fraud. It's UDAP. It's racketeering. Well, but you didn't allege racketeering. What's that? You didn't allege racketeering. No, I didn't. I'm asking this for a reason. Tell me how Ms. Compton was damaged by – we have to take as true your allegations here that the bank kept saying to her, Countrywide kept saying to her, keep applying, don't worry, you're in good shape, and then eventually said, no, you're not. What was her damage? She's a single woman running a business. I'm sorry, if you could come to the middle and speak more loudly, I would appreciate it. Sorry. Sorry. She's a single woman running a business, and vast amounts of her time were being taken up by dealing with Bank of America, which told her that they were helping her and they were working on it and everything was going to be perfectly wonderful. She was not given negative warnings. So is this a lost profits case from her business, or is it an out-of-pocket expense case? All of the above. Okay. Those are her damages in this matter. Yes. Okay, I'm just trying to find out precisely what they did. So where were they alleged in the complaint, though? Because in your account four, which is the UDAP claim, I didn't see specific injury or damages alleged. Obviously, I wish that I had put in the specific damages. I think that we have outlined the general damages. The general damages are pretty much all the same. You call them up, they told you a bunch of bull. You call them up again, you call them up again, which I think we detail in considerable amount in the complaint. I mean, it's not like there's no clue as to what we're saying bad that happened. What bad would happen was they were jerked around. She was jerked around again and again and again and again. Now, in your prayer for relief, number A or letter A, you asked for an order in joining U.S. Bank for foreclosing. Is that still on the table as a relief that you are requesting? It's a latent threat, I guess I could call it. It's out there. They still could do it. I have a number of clients who are in that position. Anytime we get anywhere near this point with Bank of America, they go into an infinite stalling thing. Let me understand. So with respect to not a number of clients, but with respect to this client, where are we with respect to foreclosure? And are you saying, are you after now relief that would adjoin any foreclosure? Yes, she's under threat. They're not actively pursuing foreclosure at the moment. They haven't actively pursued foreclosure for quite a while. But it's out there, and she can't do anything with her property. And what's the basis for an injunction that would prevent foreclosure? Well, if one accepts what I believe to be true, that Bank of America is essentially a giant criminal enterprise that is harassing people in order to get… You know, that kind of talk is not very helpful to me. Be more precise. What's the argument that would entitle her to an injunction against foreclosure? If she doesn't have an injunction against foreclosure, she has a business every day. She has to worry about whether or not her property is going to be the subject of a foreclosure action. They have threatened to do it many times. They have now… But what's her legal right not to have herself be foreclosed against if she is in default? Well, I guess I would think that if the UDAP law has any teeth, that in this sort of situation where you have shown that you are the victim of a UDAP activity, then that you should be able to get an injunction to prevent it from… Well, the injunction would be the injunction against further deceptive practices. So they should stop calling her and telling her that it can be modified. But I think what Judge Fletcher is asking, if I can take some liberty here, is she owes on a mortgage. She does not deny that at all. Okay. So if you don't pay… Just work through this with me. If you don't pay the loan sooner or later, you get foreclosed on. So it seems to me she only has one of two arguments. One is that we should enter into a loan modification agreement, or two, I'm paying. Those are the only two arguments I think that can stop foreclosure. Are you arguing that she's ready, willing, and able to enter into a loan modification agreement? Oh, absolutely. And that the other side had, in effect, told her they were too but won't do it? That the bank had said, well, we're ready to enter into one too, but we haven't done it, but refused to do it. And the number one example I give for that actually goes back to back when you were having your, what, every three years you come out to Hawaii? We were told by Bank of America that they wanted to have a mediation session and meet with the chief mediator for the Ninth Circuit because we'd already talked to her. And they wanted to go forward with that. And they wanted to do it at the time of the annual, not biannual, I don't know how often it happens that you get together, but they wanted to have it happen then as a courtesy, essentially, to the woman who was the chief mediator for the Ninth Circuit. And so we said, sure. So this was about two months before the date that the event goes on, and we went to great lengths to get everything together, organize. My client did everything she could. We did many things and spent a great deal of time on it. And I think with ten days left before the annual meeting, they said, never mind. We changed her mind with no explanation whatsoever. Well, but this is an endless series. The question Judge Fletcher asked you, and I'm still trying to get the answer to it, is this. The only way to avoid foreclosure, it seems to me, is to either have an agreement that says you can pay on a different schedule, which would be a loan modification, or to pay. And you're trying to get an injunction from the court to avoid foreclosure. What's the legal basis for avoiding foreclosure? It's not that these are bad guys or that they refuse to settle. What's your best legal argument to a district judge to avoid foreclosure? Who's not bad guys? The bank? I assume that you're saying, yeah, what's the best legal argument you have to avoid foreclosure? Well, it really is what we see now, I think, with the amount of time that's going on, is that the benefit to the bank has become bigger and bigger the more time they can hold on to these properties and show them to the Federal Reserve as something that they control. But that's not an answer that will provide you an injunction. Let me go at this a different way. Do you contend that your client has a legal right to a loan modification? At this point, having acted in good faith reliance upon the representations by the people from Bank of America, I would think that she has a right. And where does that legal right come from? Statute? Section 90? Does it say reasonable reliance based on another person's behavior? Tell me where that legal right comes from. The first thing that comes to mind is it's to prevent fraud, an injunction essentially to prevent fraud. No, no, again, that's not the question I asked. The question I asked is, does she have a legal right to a loan modification? And if so, what's the basis for that legal right? It seems to me that if you are the victim of what I'm alleging at this point by now is criminal activity, that you are entitled to an injunction to prevent the criminal activity from going forward. Again, that's not an answer to my question, but you don't have to answer it if you don't want to. I'm trying my best. Let me try and answer it for you and see if you agree with me. Okay, that would be appreciated. Your complaint liberally read might be read to say that the bank agreed to modify the loan, but never carried through on the deal. And if they agreed to modify the loan and never carried through on the deal, then your client is entitled to have the modification enacted. Specific performance, I guess. Yeah, is that it? Yeah. Would you accept that as the legal basis? Okay. Now the question is, does your complaint really allege that they agreed to the deal or just that they kept jerking her around, to use a legal term? I think that it is read properly that they were intentionally jerking them around. I think that's really what came up. Not the answer that helps you the most. The answer that helps you the most is that they actually agreed to a modification. Or maybe you can. I'm following along. That's what I know now. Based on what I know now, I say that. But back then, she wouldn't say that. I wouldn't have said that because we wouldn't have known that. Does your complaint allege that at some point along the way they said to her, fine, this is all set up, we're ready to go, and then change their minds? Well, I don't think that they changed their minds personally, but in effect that's what you would hear. I believe that they knew full well what they were doing and if they were doing it on purpose. I think essentially what's happened, if I may for a moment on this, Michael Lewis wrote the book originally about the whole thing on Wall Street. He came out with a new book about high-speed trading. I think what Bank of America has done for the last six, seven years is low-speed trading. I think they've discovered that they can make a lot more money by grabbing hold of these properties, not pushing people to leave the property. I have many clients at Bank of America who are living in million-dollar houses. They're trying to get a modification for four or five years. The bank promised them one. They don't care. They're just sitting there. They don't want money. It's an investment. Bank of America is so far, if you read the financial situation for Bank of America recently, they just made public that they, oops, we were off by $4 billion for our latest report to the Federal Reserve. Sorry about that. It's not a bank. It's a criminal enterprise. Why don't we hear from the other side? You've used all your time, but we will give you a chance to respond. Okay. Thank you. Good morning, Your Honors. My name is Dennis Mayo. I represent BAC, which is the loan servicer in this case. I would like to, if I could, try to focus my argument and answer any questions you might have. The sole issue that appellant raised was whether the trial court erred by dismissing a part, one part of one of the claims, which is the UDAP claim. And appellant has argued that there was indeed a duty of care on the part of the servicer toward the borrower. Well, the appellant may have argued the case inartfully, but let me try my question that I asked your opponent to you. Can I read this complaint as saying that, and let me just call it the bank because it's the servicer, that she was told that she had a loan modification and that she spent a bunch of time and effort pursuing that and that they thereafter deceptively kept stringing her along without telling her that they'd ever intended to enter into one. I'm not sure what that entitles her to, but doesn't that state a claim? Let me answer it this way, Your Honor. I think you said, can you read the complaint that way? Your Honor, 12B-6, motion here. I would submit that you must read the complaint that way. There is indeed an express claim, as you recall, a breach of contract, a claim that the district court rejected because there was no allegation of fact plausibly showing a breach. Why? Because the judge said you tried to allege that. You allege that there was a modification agreed to, to be effective. Right in the order, as the judge, as you will recall, there was a loan modification agreement to be effective on the 1st of November, 2009, but that Ms. Compton, in her allegations, never alleged that she performed, and indeed as the district court read the complaint, and as we read the complaint, Ms. Compton, by her silence, essentially alleged that she didn't perform because part of the loan modification agreement was to start making payments again as of the 1st of November, and Ms. Compton admits later on in the complaint that she was still in arrears. Wait a minute. Excuse me. Yes, sir. You may still be in arrears and making payments, so when you say she admits she was in arrears, it says nothing about whether she was making payments, so tell me more about what your evidence is that she was not making payments. Well, of course, we don't have evidence. We just have Ms. Compton's complaint. Right, but what you've said so far does not tell me that she's not making payments per the agreement. Let me focus on the way the district court looked at it. Was that obviously in alleging a claim for breach of contract, you have to allege the contract, you have to allege that you, that is the aggrieved party, performed all your obligations, and the breaching party did not. Ms. Compton did not allege, in alleging this loan modification agreement to be effective on the 1st of November, she did not allege that she performed under that agreement. This breach of contract claim, that's not on appeal here, is it? No, it is not. That was a choice that counsel made, and that's a choice I think counsel has to live with. But it's just asking the question, yes, there would be a claim for breach of contract. But I guess my question is this. If one said, look, I'm not making my contract claim on appeal, which they're not, but I am entitled to damages because they never really intended to enter into a modification, and they put me through a lot of expense and effort, and I spent a lot of money pursuing the modification that the other side never intended to enter into. I'm not sure that's a big money damages case, and I'm not sure it justifies the criminal allegations in the complaint, but doesn't it survive a motion to dismiss? As a UDAP claim? As a UDAP claim. It might on this level for the first element, but UDAP doesn't only have one element. That was me. Sorry. I've been slapped down four. Ineptitude. But UDAP doesn't only have one element. That is the element of violation, a false or deceptive act. It has two other elements, as the court's aware. One of those elements is injury caused by the violation. Looking at Ms. Compton's complaint, the allegations, as the district court did, there was not sufficient allegation of injury. Why? Because from Ms. Compton's own complaint, she alleges that how did she get herself in this position of being under the threat of foreclosure, one, as we all recognize, as something beyond her control, beyond all of our control, even, I think, beyond the Bank of America's control. We had a terrible financial crisis in 2008. In her breach of contract claim, she does run through a list of injuries, damages, including lost business income on account of her diminished credit rating and inability to obtain favorable credit terms that she would have been able to obtain otherwise. And she talks about the accrual of late payment penalties. So if this, I guess what opposing counsel refers to as sort of stringing her along on the loan modification, if that were a violation of UDAP, at least sufficient to survive a motion to dismiss, then she, at various places in her complaint, she alleges injuries and damages due to being strung along in this way. Why isn't that enough? Because, Your Honor, I think that when you look clearly at the facts she alleges, and much of the facts she alleges are facts generally about the financial crisis and beliefs about how banking system works. But in this case, as she admitted, there was financial crisis in 2009. Her pool business took a great financial turn down. She was unable to meet her loan payments. She decided that at the same time she was earning, I think it was as she alleged, $9,000 a month from investment income. But if she gets a loan modification, she says she can meet those payments, right? But what puts her in the position to suffer under the threat of foreclosure? It's our position, what put her in that position was the downturn, her choice not to tap into her income to pay the extra $1,000 a month. This is a residential property. Not to pay that $1,000 a month. And the ultimate, the last decision was not to pay on the loan modification that she alleges was in effect. And you're right, your honor, you're right. The district court drew the conclusion that by failing to allege that she complied with the terms of the contract, perhaps that is too harsh to Ms. Compton to say that is an admission that she didn't pay. But what it is, the failure to allege a necessary element of a contract claim is a failure to allege. But she can plead inconsistently. Yes. So one count says we had a contract and you didn't perform. And the judge says, and that's not in front of us right now, the judge says, well, you didn't sufficiently allege that because you didn't allege your own performance. Another count says you never intended to enter into a contract and you made me spend lots of money and time and effort to get there. I'm not sure either of those is a defense against foreclosure, which I still haven't gotten a good answer from your opponent about. But if she had some damages, if she spent time and money pursuing a modification that the bank never intended to give her, why isn't that a eudectomy? Because then the last element, as you recall, is proof of the amount of damages. Now, it doesn't have to be to the penny. We know under the white law. But this is not a proof case. This is a 12 v. 6 case. I know, but still. Doesn't the complaint sufficiently allege that she was damaged? All we have to do is sufficiently allege. That doesn't mean to say that you can sort of allege. Unless I'm wrong, and counsel will get a chance to correct me if I am, all that he alleged was she experienced considerable hardship. We know under Hawaii law, the euduct claim, you have to allege an amount of damages, something other than in the clouds. And that is not there. You have to allege it in the complaint? You allege it in the complaint? Of course, you don't have to prove it. Just as you have to, excuse me, Your Honor, just as if this were a typical common law negligence claim, you have to allege physical injury or property injury. We know that that's the element. Now, of course, you don't have to prove it in your complaint. But if you simply said, I suffered some kind of harm, I think what a judge would do in state court or in federal court would say, now, plaintiff, you don't have to allege exactly to the penny or to the dollars, the tens of dollars, how much you suffered. But, you know, plaintiff, if you don't allege physical injury. Okay, can I interrupt? What if she says, well, I did the following to submit the documents. They then tell me the documents aren't right. For example, the notary didn't do a very good job. So I go back and I redo all the documents. And I submit them again. And they say the notary didn't do a good job. And then I go back and I redo all the documents. Now, anybody reading that narrative has to know that there was some expense to doing those things. Why is that not something from which we can infer that the merry dance that she was led, allegedly, wrongfully, misleadingly, and purposefully, resulted in harm? Why is that not sufficient when she tells that story? I think we can allege something, that she suffered something, because that's what she said. And I think that's common sense. Well, variety of cases don't have a very onerous standard for pleading damages. I mean, just saying special damages, at least in one case, if that was enough, at least in a non-UDAP context. So I didn't see a UDAP case setting a higher standard for specificity. Are you aware of one? I am not, Your Honor. The one reason I'm not aware of it is because the claims that we're talking about now, the elements, rather, the injury element and the amount of damages element, are not issues that were briefed because they were not issues presented by appellant. So I am in the position, no, can I tell you that? No. But I can tell you that that is now how appellant chose to litigate it, and therefore not how we focused our briefing contrary to that. You know, because this complaint alleges everything except the genesis, and maybe it's in there somewhere in Adam and Eve. That's paragraph 14. There must be some damage in it someplace. The complaint suffers from lots of – it is certainly not a short and plain statement or claim, but I do see in paragraph 153 and other places allegations of damage. Isn't that enough to get past a motion to dismiss? It might fail on summary judgment, but isn't that enough? I don't have in front of me, and again, Your Honor, I am not begging off, but since that is not the issue that the appeal hinges on, that's all I can say is what I've argued now. But you said it was the third element. Yes, that's right. So you're not – it seems to me that – again, let me just try this again. She says in her UDAD claim, they put me through a merry dance, to use Judge Fletcher's words. They made me spend lots of time and effort to give them paperwork, and I missed time for my business to do so, and these bad folks never intended really to enter into a loan modification with me. Why doesn't – and again, my question is why doesn't that state a claim for a UDAG violation? It may not be true. It may be inconsistent with her other claim that they actually gave me a contract and then I failed to pay on it. But we're dealing here only with the pleading stage, and I understand the judge's frustration in getting an 87-page complaint that appears to have been copied from another one that leaves out paragraph numbers and makes allegations that are historical and don't have anything to do with the case. But put that all aside, focus narrowly on that question. Why doesn't that state a claim? Well, we're focusing, again, we're the appellee. We're focusing on the appellant. Appellant says why the Superior – excuse me – District Court found no duty. We say, that is appellant, excuse me, say there is a duty and put an argument again, as your honors know from NIMARC and such, whether there is indeed a duty on the part of a servicer. We respond to say there is no such duty and we gave our reasons why. And that's all – that is the focus of this appeal. Well, let me focus on duty. Doesn't the servicer have a duty not to be deceptive under UDAC? A statutory duty. They don't have any duty to enter into an agreement. Don't they have a statutory duty not to be deceptive? Yes, of course they have a statutory duty not to be deceptive, not to be misleading, not to be unfair, because that's implicit. What we're saying is there was no breach of that duty. You may say that, but the allegations in the complaint are directly contrary to what you're now saying. Well, we say the allegations don't allege facts that show that. What it alleges, most of the complaint alleges, is activity indeed by non-defendants, in this case New York Bank Mellon, about doing things, and as your honors are aware, although many people have been sued, many entities have been sued here, New York Bank Mellon is not one of them. We believe that when you look at the complaint under the standards the Supreme Court made clear, that what you're looking upon, the allegations of fact, allegations of fact, not labels, that make a plausible showing that that is not true. Let me ask you this then, and I'm not asking you to agree with me on this point. Assume for the purposes of my question that there has been sufficiently alleged in the complaint deceptive, misleading actions on the part of one or more of the defendants, and that that caused Ms. Compton to do various things, resubmit, undergo various expenses, and so on. Why does that not state a claim? Then, if I could, and I'm not being snide, but then if I say, and assume that the allegations she makes are enough to at least to support a plausible showing of the amount of damages, you know, some non-trivial amount, would that not be enough to state a claim? And the answer would be yes, of course it would be, because I've just sort of assumed the first element, I've assumed the second, and I've assumed the third. Okay. Thank you. Thank you, Your Honors. Why don't we put one minute on the clock for response? Thank you. I think that part of what is difficult about this is the amazing amount of volume of stuff that Bank of America did to its customers. Focus on this customer. I'm not interested in what they did. This is not a class action. Focus on this customer. She spent a lot of time seriously trying to get a modification. There's nothing in the record that shows that there was ever any real intention to give her a modification. There's no record. All we have is a complaint. There's nothing in the complaint that supports the notion that they were trying to really give her a modification. There's nothing that we allege, there's nothing that happened, that would make any reasonable person to think that they were trying to help her. So your UDAG claim here is that they put her through time and expense, chasing a modification that never was going to be given, correct? Would that entitle her to an injunction against foreclosure or merely to whatever damages she had? I think that it should entitle her to an injunction until the matter can be resolved. Bank of America has not been in any trouble showing hardship. They have not made any effort to foreclose for a very, very, very, very long time. It would be hard for them to now say, if we ask for an injunction, well, no, you can't get it, because that would be a hardship for Bank of America. There's just been no showing whatsoever that they, in fact, particularly want to have the house back. Once again, it's not in the record, but I have many clients who have homes that have been taken. Okay. The records doesn't care. Thank you, thank you very much. The case of Compton v. Countrywide, financial et al. is now submitted for decision.
judges: FLETCHER, IKUTA, HURWITZ